IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



MICHAEL BENJAMIN JOHNSON,　§
TDCJ-CID No. 01992023,　　　　§
　　　　　　　　　　　　　　　§
　　Plaintiff,　　　　　　　　§
　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　§　2:18-CV-059-Z-BR
　　　　　　　　　　　　　　　§
LORIE DAVIS, et al.,　　　　　§
　　　　　　　　　　　　　　　§
　　Defendants.　　　　　　　§

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's amended civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed June 13, 2018 (ECF No. 12) ("Amended Complaint"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Amended Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

Plaintiff asserts that Defendants caused the loss of $500 of his personal property in February of 2017. *See* ECF No. 3, at 1; ECF No. 12, at 4. While visiting the infirmary, Plaintiff was brought an inventory sheet from Defendant McBroom regarding his property. *See* ECF No. 3, at 8. Plaintiff had property located in a locked storage area which was seized from that storage unit/locker by Defendant McBroom. *Id.* Plaintiff claims he did not have the opportunity at the time to realize anything was missing, but later realized his lock was missing. *Id.* Further, Plaintiff argues

he was denied adequate grievance responses by Defendant Andrews, under the supervision of Defendants Foley and Davis. ECF No. 12, at 3.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

Fifth Circuit precedent holds that inmates do not have an expectation of privacy in their prison cell to support a claim for unreasonable searches and seizures. *See United States v. Ward*, 561 F.3d 414, 419 (5th Cir. 2009)). The Fourteenth Amendment protects against random and unauthorized deprivations of property or liberty interests, but Texas state administrative and judicial systems provide an adequate state post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). Texas courts have allowed inmates to

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

2

raise ordinary tort claims against TDCJ-CID employees for lost or stolen property. *See Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex.App.–Corpus Christi 2002, *reh. overruled*)). The Parratt-Hudson doctrine renders Plaintiff's suit frivolous.

> *Parratt* and *Hudson*, considered together, hold when plaintiff alleges a deprivation of property without due process of law "by the negligent or intentional actions of a state officer that are random and unauthorized", a post-deprivation tort cause of action in state law is sufficient to satisfy due-process requirements. *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (citation and internal quotation marks omitted) (emphasis in original). [Plaintiff's] complaint alleged the deprivation of his property was random and unauthorized by applicable prison procedure, and he does not dispute the court's finding in this regard. Accordingly, Texas has adequate post-deprivation remedies—such as the tort of conversion—for the confiscation of a prisoner's property. *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994) ("A state's failure to follow its own procedural regulations does not constitute a violation of due process ... if constitutional minima have nevertheless been met.") (cleaned up).

*Hernandez v. Egwe*, 840 Fed. Appx 797, (Mem), 798 (5th Cir. 2021). Plaintiff had an adequate post-deprivation remedy to address the loss of his lock. Thus, Plaintiff's claim must be **DISMISSED** with prejudice.

Plaintiff's claims regarding the inadequate grievance process are likewise frivolous. A prisoner does not have a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Plaintiff's claims against Defendants Kevin Foley and Lorie Davis are based solely on their supervisory capacity. In section 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888)); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to

3

vicarious liability under Section 1983 for the acts or omissions of their subordinates. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Thus, Plaintiff's claims against Defendants Foley and Davis are **DISMISSED** with prejudice.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Amended Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice.

**SO ORDERED.**

June 2, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE